NANCY O. DIX (Bar No. 129150)
BRIAN L. BEHMER (Bar No. 156978)
CHRISTINA D. YATES (Bar No. 201748)
CHRISTOPHER J. BEAL (Bar No. 216579)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297

Email: Nancy.dix@dlapiper.com
          Brian.behmer@dlapiper.com
          Christina.yates@dlapiper.com
          Cris.beal@dlapiper.com

Tel: (619) 699-2700
Fax: (619) 699-2701


Attorneys for Plaintiff
UNITED BRANDS COMPANY, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED BRANDS COMPANY, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>ANHEUSER-BUSCH, INC.<br><br>       Defendant. | CASE NO.   **'10 CV 2281 BEN WMc**<br><br>**COMPLAINT FOR:**<br><br>**FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT AND DILUTION; FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT SECTION 43(A); FEDERAL COPYRIGHT INFRINGEMENT; CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.; COMMON LAW TRADEMARK INFRINGEMENT; COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR TRIAL BY JURY** |

## **INTRODUCTION**

1.       This is an action for trademark infringement, copyright infringement, unfair competition, and related claims.  Plaintiff United Brands Company, Inc. ("United Brands") is the maker of the popular drink JOOSE, a flavored malt beverage which it has sold since 2006.  One of the more popular versions of JOOSE is Plaintiff's DRAGON JOOSE (see below).



2.       Defendant Anheuser-Busch makes a competing flavored malt beverage called TILT.  For several years, Defendant sold the TILT product in silver cans that did not resemble Plaintiff's JOOSE or DRAGON JOOSE cans.  In fact, until recently, Defendant's product was sold in a can featuring the design of a large streamlined letter "T" tilted at an angle emphasizing the "TILT" name for its product.



DLA PIPER LLP (US)
SAN FRANCISCO

WEST\222485261.7

3.     Recently, however, Defendant completely changed the design and began selling TILT in cans featuring a dragon design that closely resembles the design of Plaintiff's DRAGON JOOSE cans (see below for new design).  Defendant's use of these intentionally similar and infringing design elements is likely to or has caused confusion as to source, affiliation, or connection with Plaintiff, and also constitutes copyright infringement.  Plaintiff brings this action to prevent Defendant from infringing Plaintiff's marks and copyrights, and prevent confusion in the marketplace, and to address related state claims.



JURISDICTION AND VENUE

4.     This is an action for:  (a) federal trademark infringement arising under 15 U.S.C. § 1114; (b) federal dilution arising under 15 U.S.C. § 1125(c); (c) federal trade dress infringement and false designation of origin arising under 15 U.S.C. § 1125(a); (d) copyright infringement arising under 17 U.S.C. §§ 101 and 501; (e) dilution arising under California Business & Professions Code § 14330 *et seq.*; (f) trademark infringement arising under California Business & Professions Code § 14245 *et seq.*; (g) unfair competition arising under California Business & Professions Code § 17200 *et seq.*, (h) trademark infringement arising under the common law of the State of California; and (i) unfair competition arising under the common law of the State of California.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

### THE PARTIES

7.      Plaintiff UNITED BRANDS COMPANY, INC. ("United Brands") is a California corporation having its principal place of business at 5355 Mira Sorrento Place Ste. 270 San Diego CA 92121.  JOOSE BEVERAGE COMPANY is a division of United Brands.

8.      United Brands is informed and believes, and on that basis alleges, that Defendant Anheuser-Busch, Inc. is a Delaware corporation with a place of business at Executive Office, One Busch Place, St. Louis, Missouri 63118-1852.  Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including its participation in the acts and events occurring in this Judicial District as described herein.

### ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

**A.      United Brands' DRAGON JOOSE Marks and Copyrights**

9.      United Brands is a leader in the business of designing, producing and selling alcoholic beverages, including flavored malt beverages.

10.      In 2006, United Brands launched its JOOSE flavored malt beverage. United Brands' successful line of JOOSE flavored malt beverages has grown to include a variety of products that prominently use United Brands' JOOSE and design trademark. In 2007, United Brands launched is DRAGON JOOSE product, in the can shown above, and continues to market and distribute this product today.  The can label has remain substantially unchanged since launch.

11.      United Brands has devoted a great deal of time, money and resources to create and market its DRAGON JOOSE product, including its inherently distinctive

1   packaging design which sets the DRAGON JOOSE brand product apart from its

2   competition.

3        12.    United Brands' use of the distinct color schemes, stylized, archaic-style

4   font, and dragon motif, makes the trade dress created by United Brands inherently

5   distinctive ("DRAGON JOOSE Trade Dress").  Some of the elements in the DRAGON

6   JOOSE Trade Dress that make it inherently distinctive include without limitation the

7   following:

8             a.    Prominent stylized graphic of a dragon surrounding the

9   word mark JOOSE;

10            b.    The mark JOOSE in large white letters in a stylized, archaic

11  font;

12            c.    The prominent use of a one-syllable word mark;

13            d.    The mark JOOSE is surrounded by a "crown" design as

14  shown in the JOOSE and Design mark;

15            e.    The mark DRAGON JOOSE is also in a stylized font below

16  the JOOSE mark and is centered on the face of the can toward the bottom;

17            f.    The alcohol volume content is displayed at the top of the

18  face of the can (e.g., "9.9% ALC/VOL"), above the logo, centered in a zig-zag line;

19            g.    The alcohol volume content is also displayed within a small

20  badge or banner just below the mark JOOSE; and

21            h.    The color scheme is purple and black.

22       13.    The DRAGON JOOSE Marks, including the copyrighted dragon design,

23  are prominently featured in virtually all advertisements and promotions for the

24  DRAGON JOOSE flavored malt beverage.  The DRAGON JOOSE Marks are used

25  uniformly and consistently in every product and promotion in commerce in connection

26  with United Brands' DRAGON JOOSE product.

27       14.    In addition to the trademark rights in the DRAGON JOOSE Marks,

28  United Brands also owns copyrights in the images and appearance of its Dragon Design.

1   United Brands currently owns federal copyright registration numbers VA 1-737-466 and

2   VA 1-736-747 for its Dragon Design.

3        15.   Since the launch of the original JOOSE flavored malt beverage in 2006

4   and the DRAGON JOOSE product in 2007, and prior to the acts of Defendant described

5   herein, United Brands has continuously used the marks JOOSE and Design, DRAGON

6   JOOSE, and DRAGON JOOSE and Design in interstate commerce in connection with its

7   marketing, distribution and sales of flavored malt beverage products.

8        16.   United Brands is the owner of federal trademark registrations and

9   applications for its JOOSE Marks, including the following:

10        Registration No. 3,263,454 for the mark JOOSE

11        Registration No. 3,465,813 for the mark JOOSE and Design

12        Application Ser. No. 85/139,185 for the mark Dragon Design

13   The marks JOOSE, JOOSE and Design, and Dragon Design, and each of them, are

14   collectively referred to as the "DRAGON JOOSE Marks".

15        17.   The DRAGON JOOSE Marks are inherently distinctive.  In the

16   alternative, because of United Brands' exclusive and extensive use of the DRAGON

17   JOOSE Marks, they have acquired considerable value and have become well known to

18   the consuming public as identifying United Brands exclusively, and uniquely, as the

19   source of products to which the DRAGON JOOSE Marks are applied.  In this way, the

20   DRAGON JOOSE Marks have acquired secondary meaning and distinctiveness.

21        18.   United Brands has spent substantial dollars in promoting its JOOSE

22   flavored malt beverages, including the DRAGON JOOSE Marks, both in California and

23   nationwide.  United Brands' promotional efforts include, for example, sales promotions,

24   print media, internet advertising, point-of-sale materials, contests, specialty items and

25   attendance at trade shows.  The DRAGON JOOSE Marks are prominently featured in

26   advertisements and promotions for the DRAGON JOOSE flavored malt beverages and

27   are prominently displayed on United Brands' specialty items.

28   /////

DLA PIPER LLP (US)
SAN FRANCISCO

-5-

WEST\222485261.7

19.     United Brands' line of JOOSE flavored malt beverages has been tremendously successful, with sales of flavored malt beverages totaling over $160,000,000 dollars.

20.     United Brands' line of JOOSE flavored malt beverages is sold in 47 states, including California.

21.     United Brands, its distributors and retailers have continuously and exclusively used the DRAGON JOOSE Marks to distinguish themselves as the source of goods and services in connection with the DRAGON JOOSE Marks.

22.     As a result of United Brands' substantial use and promotion of the flavored malt beverages bearing the DRAGON JOOSE Marks, the DRAGON JOOSE Marks have become famous.  The JOOSE Marks have acquired great value as identifiers of United Brands' products and serve to distinguish United Brands' JOOSE flavored malt beverages from those of others.  Customers in this Judicial District and elsewhere readily recognize United Brands' JOOSE Marks as distinctive designations of the origin of United Brands' JOOSE flavored malt beverage.  The JOOSE Marks are assets of enormous value as symbols of United Brands and its quality products and goodwill.  The success of the JOOSE flavored malt beverages has made United Brands the second largest seller of flavored malt beverages in the United States.

23.     United Brands has never authorized or consented to any use by Defendant of the DRAGON JOOSE Marks.

**B.      Defendant's Infringement of United Brands' DRAGON JOOSE Marks**

24.     United Brands is informed and believes, and on that basis alleges, that Defendant is engaged in the business of producing, selling and/or distributing malt beverages, including flavored malt beverages (hereinafter "Defendant's Products"), in this Judicial District and elsewhere.

25.     United Brands is informed and believes, and on that basis alleges, that in or about August 2005 Defendant began marketing an alcoholic, caffeinated, malt-based

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\222485261.7

flavored beverage, under the mark TILT.  The TILT product came in two flavors and was sold in 16 ounce silver cans which featured a stylized letter "T" which was tilted to the left, as shown below.



26.     United Brands is informed and believes, and on that basis alleges, that for approximately five years since launch, Defendant sold the TILT product using such silver cans with the tilted "T", at which time Defendant began using a new can design for the TILT product.  This new can featured a radically different look and design, as shown below.  The new can was also sold in a 16 ounce size, only.



27.     United Brands is informed and believes, and on that basis alleges, that on or about July 2010, Defendant began selling Defendant's Products in the new, radically different looking can in a 24 ounce size.  United Brands is further informed and believes, and on that basis alleges, that Defendant has introduced several new TILT colors and cans using the same look and design as shown below.



28.     In particular, the new TILT designs and colors are substantially similar to United Brands' JOOSE products – which have always been sold only in a 24 ounce can – including DRAGON JOOSE, as shown below.



29.     In this way, Defendant's product packaging has progressively become more and more similar to that of United Brands.  United Brands is further informed and believes, and on that basis alleges, that Defendant willfully and intentionally infringed its DRAGON JOOSE Marks, directly copying elements of the DRAGON JOOSE Marks and cans (including the size of the cans), in order to cause confusion among distributors, retailers and consumers and trade upon the goodwill created by United Brands in its DRAGON JOOSE Marks and products.

30.     Notably, the new TILT Design shares many similarities with the DRAGON JOOSE Marks, both in overall appearance and in individual features.  Among other similar features:

(i) the TILT cans feature a stylized depiction of two dragons that surround the trademark, just as the DRAGON JOOSE and Design mark and can prominently feature a dragon surrounding the JOOSE and Design mark;

(ii) the word mark TILT is in a stylized archaic font similar to the one used for the DRAGON JOOSE Marks, a marked change from the streamlined font previously used;

(iii) the word mark TILT is in white as is the mark JOOSE in white, and it is in a stylized font similar to the font used on the JOOSE cans for the mark JOOSE and for the particular product name (e.g., DRAGON JOOSE) and centered on the face of the can toward the bottom;

(iv) Defendant's cans have a large letter "T" in a stylized font that resembles the "J" in "JOOSE";

(v) there is a crown-like graphic above the "T" that is similar to the crown-like design in the center of the JOOSE can, in which the mark JOOSE is displayed;

(vi) the new TILT cans use a color scheme consisting of a black background with colored elements in the design features of the can, which the DRAGON JOOSE products also employ.

/////

-9-

31.     In addition, the cans share other similarities such as on the TILT cans there is a description of the product in plain font on the bottom of the face of the can, just as there is on the DRAGON JOOSE cans, and the alcohol volume content of the TILT cans is displayed at the top of the face of the can in the same manner as the DRAGON JOOSE cans (e.g., "12% ALC/VOL") within a badge or banner that has a zig-zag line, similar to how the alcohol content appears on the DRAGON JOOSE cans.

32.     These similarities are further exacerbated when Defendant's TILT cans are situated adjacent to United Brands' JOOSE cans, which often happens at the retail stores.  These similarities are even more noticeable when Defendant's TILT cans are situated in refrigerators and coolers that are decorated with JOOSE labels, display ads and other marketing and promotional materials.

33.     Notably, these new cans bearing the TILT Design do not feature any tilting "T" like the original TILT cans, nor any tilting object or design.

34.     United Brands is further informed and believes, and on that basis alleges, that Defendant's use of the TILT Design is in commerce and without the permission or authority of United Brands.

35.     United Brands is further informed and believes, and on that basis alleges, that Defendant markets, distributes and sells its TILT beverage products to the same consumers and distributors, and in the same sales channels and retail stores, as United Brands.  The parties' products described herein are directly competitive products.

**C.      Defendant's Unlawful Moving and Removal of JOOSE Products**

36.     In addition to the foregoing conduct by Defendant, United Brands is further informed and believes, and on that basis alleges, that Defendant, either directly or through its agent distributors or both, has moved or removed, and continues to move or remove, United Brands' JOOSE products where they are set for display and sale in various retail establishments located in California.

37.     United Brands is further informed and believes, and on that basis alleges, that Defendant, directly or through its agent distributors, either moves JOOSE products

DLA Piper LLP (US)
San Francisco

WEST\222485261.7

to a less prominent position at these retailers, or removes the products completely from the shelves.

38.     In either moving or removing JOOSE products, Defendant's conduct violates the California Alcoholic Beverage Control Act, Federal Alcohol Administration Act, and related state and federal regulations.

**D.     Effect of Defendant's Activities on United Brands and the Consuming Public**

39.     Defendant's unauthorized use of the new TILT Design falsely indicates to the purchasing public that Defendant, its business, and/or its products, originate with United Brands, or are affiliated, connected or associated with United Brands, or are sponsored, endorsed or approved by United Brands, or are in some manner related to United Brands and its products.

40.     Defendant's unauthorized use of the TILT Design is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to the affiliation, connection or association of Defendant with United Brands, or as to the origin, sponsorship, or approval of Defendant's products and commercial activities by United Brands.

41.     Defendant's unauthorized use of the TILT Design falsely designates the origin of Defendant's products.  Defendant's unauthorized use of the TILT Design enables it to trade on and receive the benefit of goodwill built up at a great effort and expense over many years by United Brands, and to gain acceptance for its business and products not solely on their own merits, but on the reputation and goodwill of United Brands and its products.

42.     Defendant has been and will continue to be unjustly enriched at United Brands' expense by its unauthorized use of the new TILT Design.

43.     Defendant's unauthorized use of the new TILT Design in the manner described deprives United Brands of the ability to control the nature and quality of products provided under the JOOSE Marks, and places the valuable reputation and

1    goodwill of United Brands in the hands of Defendant, over which United Brands has no

2    control.

3         44.    Unless restrained by this Court, these acts of Defendant will continue, and

4    will continue to cause irreparable injury to United Brands and to the public, for which

5    there is no adequate remedy at law.

6         45.    United Brands is informed and believes, and on that basis alleges, that

7    without permission or authority from United Brands, Defendant has infringed United

8    Brands' DRAGON JOOSE Marks in interstate commerce by producing and marketing

9    Defendant's Products bearing the new TILT Design.

10        46.    United Brands is informed and believes, and on that basis alleges, that

11   Defendant's unauthorized use of the new TILT Design is intended to trade upon the

12   goodwill and substantial recognition associated with United Brands' DRAGON JOOSE

13   and JOOSE flavored malt beverages.

14        47.    United Brands is informed and believes, and on that basis alleges, that

15   Defendant is using the new TILT Design in an attempt to associate its products with

16   United Brands or otherwise trade upon United Brands' reputation.

17        48.    United Brands is informed and believes, and on that basis alleges, that

18   Defendant's use of the new TILT Design is designed to cause confusion, mistake or

19   deception.

20        49.    By virtue of the acts complained of herein, Defendant has created a

21   likelihood of injury to United Brands' business reputation, caused a strong likelihood of

22   consumer confusion as to the source of origin or relationship of United Brands' and

23   Defendant's goods, diluted United Brands' famous DRAGON JOOSE Marks, and has

24   otherwise competed unfairly with United Brands.

25        50.    United Brands is informed and believes, and on that basis alleges, that

26   Defendant's acts complained of herein are willful and deliberate.

27   /////

28   /////

51.     Defendant's acts complained of herein have caused damage to United Brands in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful actions.

52.     Defendant's acts complained of herein have caused United Brands to suffer irreparable injury to its business.  United Brands will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful actions complained of herein.

## I.  FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

53.     United Brands hereby repeats, realleges, and incorporates by reference Paragraphs 1 through 51 of this Complaint as though fully set forth herein.

54.     United Brands is the owner of the federally registered JOOSE Marks listed above.

55.     Defendant has used in commerce, without permission of United Brands, trade marks, including product packaging that is identical to and/or confusingly similar to United Brands' federally registered JOOSE Marks.  Defendant has infringed United Brands' federally registered JOOSE Marks and created a false designation of origin by using United Brands' JOOSE Marks and/or confusingly similar marks in connection with the manufacturing, distributing, selling and/or promoting of Defendant's Products without the permission of United Brands.  Defendant's acts are designed to trade upon United Brands' reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's Products are associated with, sponsored by or approved by United Brands, when they are not.

56.     United Brands is informed and believes, and on that basis alleges, that Defendant had actual knowledge of United Brands' ownership and prior use of United Brands' federally registered JOOSE Marks, and without the consent of United Brands, has willfully and intentionally violated 15 U.S.C. § 1114.

-13-

57.     Defendant's aforementioned acts have injured United Brands and damaged United Brands in an amount to be determined at trial.  By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of United Brands' rights, for which United Brands has no adequate remedy at law.

## II.  SECOND CLAIM FOR RELIEF

### (Federal Dilution Under 15 U.S.C. § 1125(c))

58.     United Brands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.     United Brands' DRAGON JOOSE Marks are famous, and became famous prior to the acts of Defendant complained of herein.

60.     Defendant's unauthorized commercial use of the DRAGON JOOSE Marks in connection with the advertisement, offering for sale and/or sale of Defendant's Products has caused and is likely to continue to cause dilution of the distinctive quality of the famous JOOSE Marks.

61.     Defendant's aforementioned acts are likely to tarnish, injure, or trade upon United Brands' business, reputation or goodwill, and to deprive United Brands of the ability to control its DRAGON JOOSE Marks.

62.     Defendant's aforementioned acts have injured United Brands and damaged United Brands in an amount to be determined at trial.

63.     By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of United Brands' rights, for which United Brands has no adequate remedy at law.

/////

/////

/////

### III.  THIRD CLAIM FOR RELIEF

**(Trade Dress Infringement and False Designation of Origin**

**Under 15 U.S.C. § 1125(a))**

64.     United Brands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 63 of this Complaint as though fully set forth herein.

65.     United Brands has used in interstate commerce an inherently distinctive product design in connection with the sale and marketing of DRAGON JOOSE brand flavored malt beverage.  The DRAGON JOOSE product packaging contains inherently distinctive, nonfunctional features which are protected under section 43(a) of the Lanham Act.

66.     Defendant's use of the infringing trade dress has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Defendant's goods are authorized, sponsored, affiliated with or approved by United Brands.  These acts constitute trade dress infringement of the DRAGON JOOSE Trade Dress in violation of 15 U.S.C. § 1125(a).

67.     Defendant created a false designation of origin by using in commerce, without United Brands' permission, the new TILT Design in connection with the advertisement, offering for sale and/or sale of Defendant's Products.  Defendant did so with the intent to trade upon United Brands' reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by or approved by United Brands, when they are not.  These acts constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

68.     United Brands is informed and believes, and on that basis alleges, that Defendant had actual knowledge of United Brands' ownership and prior use of its DRAGON JOOSE Marks, and without the consent of United Brands, has willfully violated 15 U.S.C. § 1125(a).

-15-

69.     Defendant's aforementioned acts have injured United Brands and damaged United Brands in an amount to be determined at trial.

70.     By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of United Brands' rights, for which United Brands has no adequate remedy at law.

## IV.  FOURTH CLAIM FOR RELIEF

### (Copyright Infringement Under 17 U.S.C. § 101 and 501)

71.     United Brands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 70 of this Complaint as though fully set forth herein.

72.     The new TILT Design looks substantially similar to United Brands' Dragon Design and Dragon Design with Logo Copyrights (collectively, "Dragon Design Copyrights").

73.     By its actions alleged above, Defendant has infringed and/or will continue to infringe the Dragon Design Copyrights within the meaning of 17 U.S.C. § 501 by its copying, distribution, creation of derivative works from, and/or publicly display of the new TILT product cans featuring the new TILT Design on the product, packaging and advertising.

74.     Such infringement is willful in that Defendant knew or should have known that their actions alleged above would infringe the Dragon Design.

75.     United Brands will continue to sustain damage as a result of Defendant's infringing acts.  Defendant's wrongful conduct has also deprived and will continue to deprive United Brands of opportunities for expanding its sales and goodwill.

76.     Pursuant to 17 U.S.C. § 502, United Brands is entitled to an injunction restraining Defendant, its officers, agents, employees, and all persons acting in concert with Defendant, and each of them, from copying, distributing, creating derivative works

/////

DLA Piper LLP (US)
San Francisco

WEST\222485261.7

from, and/or publicly displaying TILT product cans featuring the TILT Design on the product, packaging and advertising, in violation of the copyright laws.

77.     Furthermore, pursuant to 17 U.S.C. § 504, United Brands is entitled to recover from Defendant the damages United Brands has sustained and will sustain, and all profits, gains and advantages derived by Defendant as a result of Defendant's infringement of the Dragon Design Copyrights, in amount to be proven at trial.

78.     By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of United Brands' rights, for which United Brands has no adequate remedy at law.

**V.  FIFTH CLAIM FOR RELIEF**

**(California Statutory Dilution Under**

**Business & Professions Code § 14245, et seq.)**

79.     United Brands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 78 of this Complaint as though fully set forth herein.

80.     This is an action for trademark dilution arising under California Business & Professions Code § 14247.

81.     United Brands' DRAGON JOOSE Marks are distinctive.  The JOOSE and design mark and the Dragon Design mark are inherently distinctive.  The JOOSE mark has acquired distinctiveness through United Brands' marketing and promotion efforts in California.

82.     United Brands' line of JOOSE flavored malt beverages, including DRAGON JOOSE, has been tremendously successful both nationally and in California.

83.     As a result of United Brands' substantial use and promotion of the flavored malt beverages bearing the DRAGON JOOSE Marks, the DRAGON JOOSE Marks have become famous, and became famous prior to the acts of Defendant complained of herein.  The JOOSE Marks have acquired great value as identifiers of

-17-

United Brands' products and serve to distinguish United Brands' JOOSE flavored malt beverages from those of others.  Customers in this Judicial District and elsewhere in California readily recognize United Brands' JOOSE Marks as distinctive designations of the origin of United Brands' JOOSE flavored malt beverage.  Defendant's unauthorized commercial use of the new TILT Design in connection with the advertisement, offering for sale and/or sale of Defendant's Products, has caused and is likely to continue to cause dilution of the distinctive quality of the famous DRAGON JOOSE Marks.

84.     Defendant's aforementioned acts are likely to tarnish, injure or trade upon United Brands' business, reputation or goodwill, and to deprive United Brands of the ability to control its DRAGON JOOSE Marks.

85.     United Brands is informed and believes, and on that basis alleges, that Defendant had actual knowledge of United Brands' ownership and prior use of United Brands' federally registered JOOSE Marks, and without the consent of United Brands, has willfully violated California Business and Professions Code § 14247.

86.     Defendant's aforementioned acts have injured United Brands and damaged United Brands in an amount to be determined at trial.

87.     By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of United Brands' rights, for which United Brands has no adequate remedy at law.

88.     Pursuant to California Business & Professions Code § 14247 et seq., United Brands is entitled to injunctive relief throughout the State of California.

89.     Pursuant to California Business & Professions Code § 14247 et seq., Defendant may be required to pay to United Brands up to three times its profits from, and up to three times all damages suffered by reason of, the wrongful manufacture, use, display or sale of its new TILT design.

/////

/////

DLA Piper LLP (US)
San Francisco

WEST\222485261.7

# VI.  SIXTH CLAIM FOR RELIEF

## (California Statutory Trademark Infringement Under

## Business & Professions Code § 14245)

90. United Brands hereby repeats, realleges, and incorporates by reference Paragraphs 1 through 89 of this Complaint as though fully set forth herein.

91. United Brands is the owner of the federally registered JOOSE Marks listed above.

92. This is an action for trademark infringement arising under California Business & Professions Code § 14245.

93. Defendant has used in commerce, without permission of United Brands, trade marks, including product packaging that is identical to and/or confusingly similar to United Brands' federally registered JOOSE Marks.  Defendant has infringed United Brands' federally registered JOOSE Marks and created a false designation of origin by using United Brands' JOOSE Marks and/or confusingly similar marks in connection with the manufacturing, distributing, selling and/or promoting of Defendant's Products without the permission of United Brands.  Defendant's acts are designed to trade upon United Brands' reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's Products are associated with, sponsored by or approved by United Brands, when they are not.

94. United Brands is informed and believes, and on that basis alleges, that Defendant had actual knowledge of United Brands' ownership and prior use of United Brands' federally registered JOOSE Marks, and without the consent of United Brands, has willfully violated California Business and Professions Code § 14245.

95. Defendant's aforementioned acts have injured United Brands and damaged United Brands in an amount to be determined at trial.

96. By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently

1    enjoined by this Court from further violation of United Brands' rights, for which United

2    Brands has no adequate remedy at law.

3        97.    Pursuant to California Business & Professions Code § 14247 et seq.,

4    United Brands is entitled to injunctive relief throughout the State of California.

5        98.    Pursuant to California Business & Professions Code § 14247 et seq.,

6    Defendant may be required to pay to United Brands up to three times its profits from,

7    and up to three times all damages suffered by reason of, the wrongful manufacture, use,

8    display or sale of its TILT products.

9                    **VII.  SEVENTH CLAIM FOR RELIEF**

10                   **(California Statutory Unfair Competition Under**

11                   **Business & Professions Code § 17200)**

12       99.    United Brands repeats, realleges, and incorporates by reference the

13   allegations set forth in Paragraphs 1 through 98 of this Complaint as though fully set

14   forth herein.

15       100.   This is an action for unfair competition arising under California Business

16   & Professions Code § 17200 *et seq*.

17       101.   United Brands is informed and believes, and on that basis alleges, that by

18   adopting product packaging that resembles and infringes the trademark, trade dress, and

19   copyrights of United Brands, Defendant's unlawful conduct has deceived or is likely to

20   deceive purchasers into believing that Defendant's TILT product and United Brands'

21   JOOSE product are related, and/or that Defendant's TILT product is affiliated with,

22   associated with, and/or sold by United Brands.  Defendant has intentionally caused a

23   likelihood of confusion among the purchasing public in this Judicial District and

24   elsewhere, thereby unfairly competing with United Brands in violation of California

25   Business & Professions Code § 17200 *et seq*.

26       102.   Further, and as a separate basis for liability, United Brands is informed

27   and believes, and on that basis alleges, that Defendant has unlawfully and unfairly

28   moved or removed JOOSE products to the detriment of United Brands and to the benefit

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\222485261.7

1    of Defendant, in violation of the California Alcoholic Beverage Control Act, Federal

2    Alcohol Administration Act, and related state and federal regulations.  Defendant has

3    thus engaged in unfair competition and an unlawful and/or unfair business practice in

4    violation of Sections 17200 *et sequitur* of the California Business and Professions Code.

5           103.    Defendant's aforesaid actions constitute unlawful, unfair, malicious or

6    fraudulent practices.  As a result of Defendant's acts of unfair competition, United

7    Brands has been injured and lost money or property in an amount to be determined at

8    trial.

9           104.    Further, by these actions, Defendant has irreparably injured United

10   Brands.  Such irreparable injury will continue unless Defendant is preliminarily and

11   permanently enjoined by this Court from further violation of United Brands' rights, for

12   which United Brands has no adequate remedy at law.

13                      **VIII.  <u>EIGHTH CLAIM FOR RELIEF</u>**

14                  **(California Common Law Trademark Infringement)**

15          105.    United Brands hereby repeats, realleges, and incorporates by reference

16   Paragraphs 1 through 104 of this Complaint as though fully set forth herein.

17          106.    By virtue of the acts complained of herein, Defendant has intentionally

18   infringed United Brands' DRAGON JOOSE Marks and caused a likelihood of confusion

19   among the consuming public, thereby committing common law trademark infringement.

20          107.    Defendant's aforementioned acts have been fraudulent, oppressive and

21   malicious, and have injured United Brands and damaged United Brands in an amount to

22   be determined at trial.

23          108.    By its actions, Defendant has irreparably injured United Brands.  Such

24   irreparable injury will continue unless Defendant is preliminarily and permanently

25   enjoined by this Court from further violation of United Brands' rights, for which United

26   Brands has no adequate remedy at law.

27   /////

28   /////

DLA Piper LLP (US)
San Francisco

WEST\222485261.7

# IX.  NINTH CLAIM FOR RELIEF

## (California Common Law Unfair Competition)

109.    United Brands repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 108 of this Complaint as though fully set forth herein.

110.    United Brands is informed and believes, and on that basis alleges, that by adopting product packaging that resembles and infringes the trademark, trade dress, and copyrights of United Brands, Defendant's unlawful conduct has deceived or is likely to deceive purchasers into believing that Defendant's TILT product and United Brands' JOOSE product are related, and/or that Defendant's TILT product is affiliated with, associated with, and/or sold by United Brands.  By deceiving the purchasing public as to the source of origin of its TILT product, Defendant unfairly competes against United Brands in violation of California common law.

111.    By its actions, Defendant has irreparably injured United Brands.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of United Brands' rights, for which United Brands has no adequate remedy at law.

112.    Defendant's willful acts of unfair competition under the common law of the State of California constitute fraud, oppression and malice.  Accordingly, United Brands is entitled to exemplary damages pursuant to California Civil Code § 3294(a).

# PRAYER FOR RELIEF

WHEREFORE, United Brands prays for relief as follows:

1.    That Defendant be adjudged to have infringed United Brands' DRAGON JOOSE and DRAGON JOOSE and Design Marks, in violation of federal and California state law;

2.    That Defendant be adjudged to have willfully and deliberately infringed United Brands' DRAGON JOOSE and DRAGON JOOSE and Design Marks in violation of federal and California state law;

-22-

3.     That Defendant be adjudged to have competed unfairly with United Brands and used a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact in violation of federal and California state law;

4.     That Defendant be adjudged to have willfully and deliberately competed unfairly with, and used a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, in violation of federal and California state law;

5.     That Defendant be adjudged to have diluted United Brands' DRAGON JOOSE and DRAGON JOOSE and Design Marks, in violation of federal and California state law;

6.     That Defendant be adjudged to have willfully and deliberately diluted United Brands' DRAGON JOOSE and DRAGON JOOSE and Design Marks in violation of federal and California state law;

7.     That Defendant, its officers, agents, employees and all persons acting or claiming to act on its behalf under its direction or authority, and all persons acting or claiming to act in concert or in participation with it or any of them, be preliminarily and permanently enjoined and restrained from infringing United Brands' DRAGON JOOSE Marks in any manner in the sale, promotion, distribution, purchase, or advertising of Defendant's products, and specifically, enjoined from using the TILT Design;

8.     That Defendant, its officers, agents, employees and all persons acting or claiming to act on its behalf under its direction or authority, and all persons acting or claiming to act in concert or in participation with it or any of them, be permanently enjoined and restrained from or engaging in acts of unfair competition with United Brands relating to use of the TILT Design by Defendant in any manner, in the sale, promotion, distribution, purchase or advertising of Defendant's goods;

9.     That Defendant be required to turn over and deliver up to the Court or to a Court-designated party during the pendency of this action all infringing materials in its custody and control (including records documenting the manufacture, sale or receipt of

1  infringing items) and to turn over for destruction all infringing matters and all matters

2  used to make infringing materials as well as turn over and deliver any and all materials in

3  its possession, custody or control, or that of its owners, officers, agents, brokers, or

4  employees, that would, if used, or marketed or otherwise distributed, violate the injunctive

5  relief granted herein, for ultimate destruction of such items;

6        10.    That Defendant be required to publish notice to all distributors, brokers,

7  retailers, tradeshows, sellers, and other customers or others in the trade who may have

8  seen, or heard of Defendant's use of the TILT Design, or registered for or purchased any

9  of Defendant's products which were marketed using the TILT Design, which notice shall

10  disclaim any connection with United Brands and shall advise them of the Court's

11  injunction order and of Defendant's discontinuance from all use of the TILT Design;

12        11.    That Defendants be ordered to pay the costs of corrective advertising;

13        12.    That Defendant be ordered to pay damages in the amount of their

14  infringing profits and/or reasonable royalties, increased by the Court by such amount as

15  the Court deems to be just, together with United Brands' actual damages, which,

16  according to the circumstances of this case, should be increased or trebled, including

17  trebling of damages pursuant to 15 U.S.C. § 1117(b);

18        13.    That Defendant be ordered to pay damages in the amount of their

19  infringing profits and/or reasonable royalties, increased by the Court by such amount as

20  the Court deems to be just, together with its profits from, the wrongful manufacture, use,

21  display or sale of its TILT products, and that Defendant be ordered to pay United Brands'

22  actual damages, which, according to the circumstances of this case, should be increased or

23  trebled, including trebling of damages pursuant to California Business & Professions

24  Code § 14250.

25  /////

26  /////

27  /////

28  /////

14.     For an award of costs and reasonable attorneys' fees; and

15.     For all other relief the Court deems just and proper.

Dated:  November 4, 2010

**DLA PIPER LLP (US)**


By: s/Nancy O. Dix
        NANCY O. DIX (BAR NO. 129150)
        nancy.dix@dlapiper.com
        BRIAN L. BEHMER (BAR NO. 156978)
        Brian.behmer@dlapiper.com
        Attorneys for Plaintiff
        UNITED BRANDS COMPANY, INC.

1

## <u>JURY TRIAL DEMAND</u>

2          Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a

3 trial by jury of all issues triable of right by a jury.

4

5 Dated*:* November 4, 2010

6                                            **DLA PIPER LLP (US)**

7

8                                            By: s/Nancy O. Dix
                                                   NANCY O. DIX (BAR NO. 129150)
9                                                  nancy.dix@dlapiper.com
                                                   BRIAN L. BEHMER (BAR NO. 156978)
10                                                 brian.behmer@dlapiper.com
                                                   Attorneys for Plaintiff
11                                                 UNITED BRANDS COMPANY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

℀ JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED BRANDS COMPANY, INC. | ANHEUSER-BUSCH, INC. |

| (b) County of Residence of First Listed Plaintiff **San Diego** <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number) <br> Nancy O. Dix <br> DLA Piper LLP (US) <br> 401 B Street, Suite 1700 <br> San Diego, CA 92101-4297 <br> 619-699-2700 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury— Med. Malpractice <br> ☐ 365 Personal Injury — Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☒ 820 Copyrights <br> ☐ 830 Patent <br> ☒ 840 Trademark | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **Habeas Corpus:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus - Alien Detainee <br> ☐ 465 Other Immigration Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): <br> 15 U.S.C. §1114; 15 U.S.C. §1125(c); 15 U.S.C §1125(a); 17 U.S.C. §§ 101 and 501. <br> Brief description of cause: <br> Trademark and Copyright Infringement and Dilution |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: <br> JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE <br> November 4, 2010 | SIGNATURE OF ATTORNEY OF RECORD <br> s/Nancy O. Dix |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

WEST\222662752.1

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: <u>47 USC 553</u>
                                   Brief Description: <u>Unauthorized reception of cable service</u>

VII.      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

WEST\222662752.1